UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA BYRD, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br>v.<br><br>CARIBBEAN CRUISE LINE, INC, a Florida corporation; and Does 1-10, Inclusive,<br><br>　　　　Defendants. | Case No. **'13CV2503 L    RBB** |

## NOTICE OF REMOVAL

Defendant Caribbean Cruise Line, Inc. ("CCL"), pursuant to 28 U.S.C. §§ 1441, 1446, and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453, and with full reservation of all defenses, hereby removes this action from the Superior Court of the State of California for the County of San Diego, to the United States District Court for the Southern District of California. In support of this Notice of Removal, CCL states the following:

**I.    FACTUAL AND PROCEDURAL BACKGROUND.**

1.    On August 15, 2013 Deanna Byrd ("Byrd") filed a one (1) count Complaint (the "Complaint") against, *inter alia*, CCL, with the above caption in the Superior Court of the State of California for the County of San Diego, Case No. 37-2013-00063078-CU-MC-CTL.[1] CCL was served with the Complaint on September 18, 2013.[2]

---

　　1.　A copy of the Complaint and Notice of Service of Process is attached as ***Exhibit A***.
　　2.　See *Exhibit A*.

2.      Byrd brings her claims individually and as a putative class action on behalf of all others similarly situated. Byrd attempts to allege the one (1) cause of action against CCL, and Does 1-10, (collectively, "Defendants") for violations of Penal Code §632.7.[3]

3.      Byrd seeks statutory damages, attorneys' fees, expenses, costs, as well as injunctive relief.[4]

4.      Byrd seeks to represent a class of "[a]ll persons located in California whose telephone conversations with Defendant were intentionally recorded without disclosure by Defendant at any time during the statute of limitations period through the date of final judgment in this action" (the "Class").[5]

## II.   BASIS FOR JURISDICTION.

5.      This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453. This action for statutory and injunctive relief could have been filed originally in this Court pursuant to 28 U.S.C. § 1332(d)(2), because it is a putative class action wherein at least one plaintiff is a citizen of a State different from at least one defendant, and the value of the matter in controversy exceeds $5,000,000 in the aggregate.

## III.  THIS CASE IS A "CLASS ACTION" UNDER CAFA.

6.      This case is a putative "class action" as defined by 28 U.S.C. § 1332(d)(1)(B).[6] According to 28 U.S.C. § 1332(d)(1)(B), the term "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by one (1) or more representative persons as a

---

3.   Compl. at 4-5, at Section V, ¶¶19-23. Plaintiff's Complaint is not formatted in consecutively-numbered paragraphs. As such, each paragraph citation lists the "section" of the Complaint, along with the paragraph, for the sake of clarity.
4.   Compl. at 5, Section VI, Prayer for Relief.
5.   Compl. at 3, at Section IV, ¶13.
6.   Compl. at ¶88.

class action.

7. According to the allegations in the "Class Action" Complaint, Byrd asserts that class certification is appropriate under the California Rules of Civil Procedure and includes Section IV regarding "Class Action Allegations".[7] Accordingly, this action classifies as a class action under by 28 U.S.C. § 1332(d)(1)(B).

### IV. THE CAFA REQUIREMENTS ARE MET HERE.

8. Federal district courts have original jurisdiction over any purported class action in which (i) any member of a class of plaintiffs is a citizen of a State different from any defendant and (ii) the value of the matter in controversy here exceeds $5,000,000 in the aggregate.[8] Each of these requirements is satisfied in this case.

### V. DIVERSITY REQUIREMENT.

9. The diversity requirement is met in this case. Further, the rule of unanimity, which requires the consent of all properly served defendants in the Notice of Removal, is suspended in cases where the Class Action Fairness Act applies.[9] Nonetheless, CCL is the only identified defendant here.

    a. **Citizenship of Plaintiff**. Byrd is a resident of the State of California.[10]

    b. **Citizenship of Defendants**. Byrd alleges the following regarding

---

7. Compl. at 4-5, at Section V, ¶¶13-20.
8. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) (CAFA removal was warranted given good-faith estimates demonstrating amount in controversy exceeded $5 million); *see also* 28 U.S.C. § 1332(d)(6) ("[T]he claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").
9. *See, e.g., United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Service Workers Intern. Union, AFL-CIO, CLC v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008) (citing to 28 U.S.C. §1453(b), stating that a class action may be removed by any defendant "**without the consent of all defendants**") (emphasis added)).
10. Compl. at Section I, ¶1.

Case 3:13-cv-02503-L-RBB   Document 1   Filed 10/17/13   Page 4 of 8

Byrd v. CCL, et al.
Notice of Removal

Defendants' citizenship: (1) CCL is a Florida corporation that does business in California;[11] (2) the true names and capacities of the Doe Defendants are currently unknown to Byrd.[12] Consequently, on the face of the Complaint, at least one member of the purported class of plaintiffs is a citizen of a state different from at least one defendant. Thus, because at least one Plaintiff and one defendant are citizens of different states, the diversity requirement is met.[13]

### VI. VALUE OF THE MATTER IN CONTROVERSY.

10. Based on the factual allegations of the Complaint, as well as this Notice of Removal, construed as true for the purposes of assessing removal jurisdiction, the value of the matter in controversy indisputably exceeds $5,000,000,[14] exclusive of interest, attorneys' fees and costs.[15]

11. When removing a suit, the defendant as the proponent of federal jurisdiction is entitled to present its own estimate of the stakes; it is not bound by the plaintiff's estimate.[16] The proponent of federal jurisdiction need only show by a preponderance of the evidence that a claim seeks the requisite amount in controversy.[17]

12. Here, the value of the matter in controversy in this case can easily be deduced from the allegations of the Complaint and the relief Byrd seeks therein, which includes statutory

---

11. Compl. at Section I, ¶2.
12. Compl. at Section I, ¶2.
13. *See* 28 U.S.C. § 1332(d)(2)(A); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007).
14. Of course, CCL does not admit that Byrd is an appropriate class representative or that Byrd, or the class she seeks to represent, would be entitled to damages that meet or exceed $5,000,000 or attorneys' fees and costs should Byrd prevail. CCL only seeks to establish that it has met its burden of showing the sum or value of the matter in controversy is sufficient to satisfy CAFA.
15. *See* 28 U.S.C. § 1332(d)(2).
16. *Campbell v. Vitran Exp., Inc.*, 471 Fed.Appx. 646, 649 (9th Cir. 2012).
17. *Rodriguez v. AT & T Mobility Servs. LLC*, No. 13-56149, 2013 WL 4516757 (9th Cir. Aug. 27, 2013) (defendant need only show by a preponderance of the evidence that the amount satisfying CAFA was being claimed).

damages pursuant to California Penal Code §§632.7 and 637.2, expenses, costs, and attorneys' fees, as well as injunctive relief. As such, an evidentiary showing by CCL is not needed here where the amount in controversy appears on the face of the Complaint.[18] Indeed, when a complaint alleges damages in excess of the amount in controversy requirement, as Byrd does here, then the amount in controversy is ***presumptively satisfied*** unless "it appears to a ***legal certainty*** that the claim is actually for less than the jurisdictional minimum."[19]

13.  Byrd's Complaint seeks damages for each class member whose telephone conversations were allegedly intentionally recorded without disclosure.[20] California Penal Code §637.2 provides for statutory damages up to $5,000 per violation.[21] Plaintiff purportedly seeks these damages on behalf of a class that consists of "at least tens of thousands."[22] Thus, a simple multiplication of the statutory damages sought by the number of alleged class members equals $50,000,000.

14.  This number only reflects the bare minimum of damages alleged to be at issue on the face of the Complaint. This amount does not even take into account any additional expenses, costs, attorneys' fees, and costs of compliance with injunctive relief. As such, the amount in controversy here may be underestimated.

15.  Moreover, Byrd seeks attorneys' fees pursuant to Section 1021.5 of the California

---

18. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) *impliedly overruled on other grounds by Rodriguez v. AT & T Mobility Servs. LLC*, No. 13-56149, 2013 WL 4516757 (9th Cir. Aug. 27, 2013).
19. *Lowdermilk*, 479 F.3d at 99 (internal citations omitted).
20. Compl. at 3, at Section IV, ¶13.
21. Cal. Penal Code § 637.2. By acknowledging the statutory penalty pleaded by Byrd, CCL is not conceding that Byrd, or any member of the putative class, is entitled to a private right of action against CCL for recovery of the statutory penalty.
22. Compl. at 3, at Section IV, ¶15.

5

Code of Civil Procedure.[23] When a plaintiff alleges entitlement to attorneys' fees, the potential amount of those fees may be aggregated into the amount in controversy for CAFA removal purposes.[24] Thus, while the damages sought by Byrd and the putative class for statutory damages alone puts the value of the amount in controversy above $5,000,000, the attorneys' fees award they seek will only further increase such value.

16. Further, Byrd and the putative classes are seeking an order enjoining CCL from violating California Penal Code §632.7.[25] Such relief has a pecuniary value to CCL. In the Ninth Circuit, courts have included the cost of complying with injunctive relief when calculating the amount in controversy for removal purposes.[26] As such, the injunctive relief sought by Byrd and the putative classes only increases the amount in controversy here.

17. Byrd attempts to plead this Complaint out of CAFA by stating that "the total amount in controversy does not exceed $5,000,000."[27] However, any attempt for Byrd to plead around CAFA by underestimating the amount in controversy is not permitted.[28]

---

23. Compl. at Section V, ¶23. By including a potential claim for attorneys' fees in the calculation of the amount in controversy for removal purposes CCL is not conceding that Byrd is entitled to attorneys' fees, nor is CCL conceding that the amounts and/or calculations proposed herein will be a proper manner for this court to utilize in any future decision as to the amount of attorneys' fees to be recovered.
24. *Galt G/S v/ JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees incurred up to the time of removal can be included in the amount in controversy calculation for purposes of removal under CAFA).
25. Compl. at Section VI, ¶1.
26. "The amount in controversy to be considered also includes either the defendant's cost of compliance with an injunction or the plaintiff's benefit from the injunction. Under the 'either viewpoint' rule, whichever party stands to gain or lose a greater amount is the one whose viewpoint is taken into account for jurisdictional purposes." *Tomkins v. Basic Research, LL*, 2008 WL 1808316, *4 (E.D. Cal. 2008); *see also In re: Ford Motor Co./Citibank*, 264 F.3d 952, 959 (9th Cir. 2001).
27. Compl. at Section IV, ¶20.
28. *See Standard Fire Ins. Co. v. Knowles*, Case No. 11-1450, 133 S. Ct. 1345, 1346, 185 L. Ed. 2d 439 (2013) (class-action plaintiff who stipulates, prior to certification of the class,

*Byrd v. CCL, et al.*
Notice of Removal

18. As the foregoing shows, the value of the matter in controversy far exceeds the $5,000,000 requirement under CAFA. Thus, jurisdiction in this Court is clearly proper.

### VII. NO EXCEPTIONS TO CAFA JURISDICTION APPLY.

19. Furthermore, diversity jurisdiction exists and removal is proper because the exceptions set forth in 28 U.S.C. § 1332(d)(4)(A) & (B) do not apply.

### VIII. PLEADINGS AND PROCESS.

20. As required by 28 U.S.C. § 1446(a), CCL has attached copies of all state court process and pleadings to this Notice of Removal.[29]

### IX. NOTICE GIVEN.

21. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Superior Court of the State of California for the County of San Diego, pursuant to 28 U.S.C. § 1446(d).[30]

### X. REMOVAL IS TIMELY FILED.

22. This Notice has been timely filed within thirty days of service of process of the Complaint and Summons, and within one year after commencement of the action, as allowed by 28 U.S.C. § 1446(b).

### XI. VENUE.

23. Venue in this district is proper pursuant to 28 U.S.C. § 1446(a) because this action is currently pending in the Superior Court of the State of California for the County of San Diego, which is included in the Southern District of California.

---

that he and the class he seeks to represent will not seek damages that exceed $5 million in total does not thereby prevent removal of the case under CAFA).
    29. A copy of all state court process and pleadings is attached as ***Composite Exhibit B***.
    30. A copy of the Notice of Filing of Notice of Removal to Federal Court is attached as ***Exhibit C***.

*Byrd v. CCL, et al.*<br>Notice of Removal

## XII. <u>NON-WAIVER OF DEFENSES.</u>

24.  Nothing in this Notice shall be interpreted as a waiver or relinquishment of CCL's right to assert any defense or affirmative matter, including without limitation, a motion to compel arbitration, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12, or any other challenge that may be appropriate as this case progresses.

**ACCORDINGLY**, this Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, and Defendant CCL hereby removes this action from Superior Court of the State of California for the County of San Diego, to this Court.

Dated: October 17, 2013

Respectfully submitted,

_____
**LAW OFFICES OF DARREN LANDIE**
Darren Landie, Esq.
2600 Walnut Ave., Suite E
Tustin, CA 92780
(714)544-3291
Fax (714)544-2736
darren@landielaw.com

*Attorney for Defendant Caribbean Cruise Line, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all counsel of record via Electronic and U.S. Mail on this 17th day of October, 2013.

_____
DARREN LANDIE

15260818-20581.0139