# Exhibit "A"



**CSC.**

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

null / ALL
Transmittal Number: 11616342
Date Processed: 09/19/2013

| | |
|---|---|
| Primary Contact: | Carrie Morra<br>Greenspoon Marder, P.A.<br>Trade Center South<br>Suite 700 100 W Cypress Creek Rd<br>Fort Lauderdale, FL 33309 |

| | |
|---|---|
| Entity: | Caribbean Cruise Line, Inc.<br>Entity ID Number 2721314 |
| Entity Served: | Caribbean Cruise Line, Inc. |
| Title of Action: | Deanna Byrd vs. Caribbean Cruise Line, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | San Diego County Superior Court, California |
| Case/Reference No: | 37-2013-00063078-CU-MC-CTL |
| Jurisdiction Served: | Florida |
| Date Served on CSC: | 09/18/2013 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Eric M. Overholt<br>619-296-5884 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

# SUMMONS
## (CITACION JUDICIAL)

SUM-100



**NOTICE TO DEFENDANT:** Caribbean Cruise Line, Inc., a
*(AVISO AL DEMANDADO):* Florida corporation; and
DOES 1-10, inclusive.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2013 MAY 15 P 2

**YOU ARE BEING SUED BY PLAINTIFF:** Deanna Byrd, et. al
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. **AVISO:** Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| San Diego Superior Court | 37-2013-00063078-CU-MC-CTL |
| 330 W. Broadway Street | |
| San Diego CA 92101 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric M. Overholt, Esq.                 619-296-5884    619-296-5171
Law Offices of Hiden, Rott, & Oertle LLP
2635 Camino del Rio South, Suite 306
San Diego CA 92108

DATE: August 15, 2013                  Clerk, by _M Jussig_ , Deputy
*(Fecha)* 8-16-13                      *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

COPY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|
| Judicial Council of California | | | |
| SUM-100 (Rev. July 1, 2009) | | | |

HIDEN, ROTT & OERTLE, LLP
A Limited Liability Partnership
Including Professional Corporations
MICHAEL IAN ROTT, ESQ.   (C.S.B. 169468)
ERIC M. OVERHOLT, ESQ.   (C.S.B. 248762)
2635 Camino del Rio South, Suite 306
San Diego, California 92108
Telephone: (619) 296-5884
Facsimile:  (619) 296-5171

*Attorneys for Plaintiff Deanna Byrd, individually, and on behalf of all other similarly situated*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DEANNA BYRD, individually, and on behalf of all others similarly situated, | Case No.  37-2013-00063078-CU-MC-CTL |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| CARIBBEAN CRUISE LINE, INC., a Florida corporation; and DOES 1-10, Inclusive, | |
| Defendants. | |

Plaintiff Deanna Byrd, on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon investigation of counsel, except to her own acts, which she alleges upon personal knowledge.

**I**

**PARTIES**

1.    Plaintiff Deanna Byrd is a resident of the state of California.

2.    Defendant Caribbean Cruise Line, Inc. is a Florida corporation that does business in California.

3.    The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictious names.  Each of the Defendants designated herein as a DOE is legally responsible for the

1

1    unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect

2    the true names and capacities of the DOE Defendants when such identities become known.

3       4.      At all relevant times, each and every Defendant was acting as an agent and/or

4    employee of each of the other Defendants and was acting within the course and/or scope of said

5    agency and/or employment with the full knowledge and consent of each of the Defendants. Each

6    of the acts and/or omissions complained of herein were alleged and made known to, and ratified

7    by, each of the other Defendants (Caribbean Cruise Line, Inc. and Doe Defendants will hereafter

8    collectively be referred to as "Defendant").

9                            II

10              __JURISDICTION AND VENUE__

11       5.      This Court has jurisdiction over all causes of action asserted herein.

12       6.      Venue is proper in this Court because Defendant knowingly engages in activities

13    directed at consumers in this County and conducted wrongful conduct alleged herein against

14    residents of this County.

15       7.      Defendant and other out-of-state participants can be brought before this Court

16    pursuant to California's "long-arm" jurisdictional statute.

17                           III

18                       __FACTS__

19       8.      In January, 2013 while located in California, Plaintiff called Defendant at

20    (877)369-4588 from a wireless telephone. Plaintiff spoke to an employee of Defendant who

21    identified himself as "Marty" to inquire about creating travel plans with Defendant. Plaintiff

22    spoke to "Marty" and they proceeded to have a sensitive, private and confidential discussion

23    wherein Plaintiff provided her name and social security number, and also discussed some

24    financial difficulties she was experiencing.

25       9.      Plaintiff was not aware that the call was being recorded. Defendant did not, at any

26    point during the telephone conversation with Defendant's customer service representative, advise

27    Plaintiff that the call was being recorded. Plaintiff did not give either express or implied consent

28    to the recording.

HIDEN, ROTH & OBRTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL: (619) 296-5884 FAX (619) 296-5171

2

10.     After completing her call, Plaintiff learned that Defendant records *all* incoming telephone calls but does not disclose this to all callers.

11.     Plaintiff expected that her telephone call would be private (i.e., neither recorded nor monitored) due to the sensitive and confidential nature of the conversation.

12.     Plaintiff's subjective expectation of privacy was objectively reasonable based upon prevailing societal norms. Indeed, one recent poll showed that 73% of Americans believe that it is "extremely important" that conversations never be recorded or monitored without the consent of all parties. *See* Harris Poll #17, March 19, 2003; *see also* Katz, Privacy and Information Technology, Public Opinion Quarterly 54, no. 1 (1990), at 125-143 (concluding that privacy of telephone calls is very important to most Americans and that the idea of secretly recording or monitoring of telephone calls is upsetting to a majority of people).

## IV

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> *"All persons located in California whose telephone conversations*
> *with Defendant were intentionally recorded without disclosure by*
> *Defendant at any time during the statute of limitations period*
> *through the date of final judgment in this action."* (the "Class").

14.     Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

15.     The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Class are numerous and geographically dispersed across California. While the exact number and

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-4171

3

1    identities of the Class members are unknown at this time, such information can be ascertained

2    through appropriate investigation and discovery.  The disposition of the claims of the Class

3    members in a single class action will provide substantial benefits to all parties and to the Court.

4         16.    There is a well-defined community of interest in the questions of law and fact

5    involved affecting the plaintiff class, and these common questions predominate over any

6    questions that may affect individual Class members.  Common questions of fact and law, which

7    will generate common answers include, but are not limited to, the following:

8    a.     Whether Defendant intentionally records telephone calls;.

9    b.     Whether Defendant discloses its intentional recording of telephone communications; and

10   c.     Whether Defendant's conduct constitutes a violation of California Penal Code section

11   632.7.

12        17.    Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff

13   and all members of the Class have been subjected to Defendant's common course of unlawful

14   conduct as complained of herein and are entitled to the same statutory damages based on

15   Defendant's wrongful conduct as alleged herein.

16        18.    Plaintiff will fairly and adequately represent and protect the interests of the Class.

17   Plaintiff has retained counsel with substantial experience in handling complex class action

18   litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf

19   of the Class and have the financial resources to do so.

20        19.    A class action is superior to other available methods for the fair and efficient

21   adjudication of the present controversy.  Individual joinder of all members of the class is

22   impracticable.  Even if individual class members had the resources to pursue individual litigation,

23   it would be unduly burdensome to the courts in which the individual litigation would proceed.

24   The conduct of this action as a class action conserves the resources of the parties and of the

25   judicial system and protects the rights of the class members.  Furthermore, for many, if not most,

26   a class action is the only feasible mechanism that allows an opportunity for legal redress and

27   justice.

28        20.    Notwithstanding any allegation or inference to the contrary contained herein,

4

1   Plaintiff disclaims any cause of action arising under the United States Constitution or any federal

2   statute. The total amount in controversy does not exceed $5,000,000.

V

### CAUSE OF ACTION

#### Penal Code § 632.7

#### (By Class Against All Defendants)

7       19.    Plaintiff incorporates by this reference the allegations contained in the preceding

8   paragraphs above as if fully set forth herein.

9       20.    Section 632.7 prohibits the intentional, non-consensual recording of any telephone

10  communication without the consent of all parties where at least one party to the conversation is

11  either using a cordless or cellular telephone.  No expectation of confidentiality or privacy is

12  required, nor is any other wrongful or surreptitious intent required — only that the defendant

13  intended to record the communication.

14      21.    Plaintiff is informed and believes, and thereon alleges that Defendant knowingly

15  violated Cal. Pen. Code § 632.7 by intentionally recording calls with persons using cordless or

16  cellular telephones, including Plaintiff.

17      22.    Based on the foregoing violations, Plaintiff and the Class are entitled to and seek

18  the statutory remedies provided in section 637.2 of the California Penal Code.  Plaintiff does not

19  allege common law violation of privacy nor does Plaintiff seek actual damages other that

20  statutory damages.

21      23.    Plaintiff and the Class further seek attorneys' fees pursuant to section 1021.5 of

22  the California Code of Civil Procedure, or any other applicable statute, as this action enforces an

23  important right affecting the public's interest.

VI

#### PRAYER FOR RELIEF

26      WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and

27  judgment as follows:

HIDEN, ROTH & OBERLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
Tel. (619) 296-5884  FAX (619) 296-5171

5

CLASS ACTION COMPLAINT

1       1.    For preliminary and permanent injunctive relief enjoining Defendant, its agents,

2  servants and employees, and all persons acting in concert with them, from engaging in this illegal

3  practice;

4      2.    For certification of the putative class;

5      3.    For attorneys' fees and expenses pursuant to all applicable laws including, without

6  limitation, Code of Civil Procedure §1021.5 and the common law private attorney general

7  doctrine;

8      4.    For costs of suit; and

9      5.    For such other and further relief as the Court deems just and proper.

10                    VII

11           **DEMAND FOR JURY TRIAL**

12      Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this

13  lawsuit.

14

15  DATED: August 8, 2013         HIDEN, ROTT & OERTLE, LLP

16

17                         By:

18                             Eric M. Overholt, Esq.

                                *Attorneys for Plaintiff Deanna Byrd,*

19                         *individually, and on behalf of all other similarly*

                                *situated*

20

21

22

23

24

25

26

27

28

*HIDEN, ROTT & OERTLE, LLP*
*2635 Camino Del Rio South, Suite 306*
*San Diego, California 92108*
*TEL: (619) 296-5884   FAX: (619) 295-5371*

6

# Composite

# Exhibit "B"

San Diego Superior Court - Register of Actions

Page 1 of 2

Case Number Search   Participant Name Search   Shopping Cart   FAQ   Printer Friendly Version

# Register of Actions (ROA)

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | **37-2013-00063078-CU-MC-CTL** | Date Filed: | 08/16/2013 |
| Case Title: | Byrd vs. Caribbean Cruise Line, Inc [E File] | Case Status: | Pending |
| Case Category: | Civil - Unlimited | Location: | Central |
| Case Type: | Misc Complaints - Other | Judicial Officer: | John S. Meyer |
| Case Age: | 55 days | Department: | C-61 |

## Future Events

## Participants

| Name | Role | Representation |
|---|---|---|
| Byrd, Deanna | Plaintiff | ROTT, MICHAEL IAN |
| Caribbean Cruise Line, Inc | Defendant | |

[1]

## Representation

| Name | Address | Phone Number |
|---|---|---|
| ROTT, MICHAEL I | HIDEN ROTT & OERTLE LLP 2635 CAMINO DEL RIO SOUTH STE 306 SAN DIEGO CA 92108 | (619) 296-5884 |

[1]

https://roa.sdcourt.ca.gov/roa/faces/CaseSearch.xhtml

10/10/2013

Case 3:13-cv-02503-L-RBB   Document 1-1   Filed 10/17/13   Page 12 of 21

## Register of Actions

**All Entries** | Filing Entries | Minutes Entries | Scheduling Entries

[1]

| ROA# | Entry Date | Short/Long Entry | Filed By | Document | Cart |
|---|---|---|---|---|---|
| 7 | 08/16/2013 | Case initiation form printed. | | Notice of Case Assignment SD | Add to Cart |
| 6. | 08/16/2013 | Civil Case Management Conference scheduled for 03/07/2014 at 09:45:00 AM at Central in C-61 John S. Meyer. | | | |
| 5 | 08/16/2013 | Case assigned to Judicial Officer Meyer, John. | | | |
| 4 | 08/16/2013 | Summons issued. | | | |
| 3 | 08/16/2013 | Civil Case Cover Sheet filed by Byrd, Deanna.\nRefers to: Caribbean Cruise Line, Inc | Byrd, Deanna (Plaintiff) | Civil Case Cover Sheet | Add to Cart |
| 2 | 08/16/2013 | Original Summons filed by Byrd, Deanna.\nRefers to: Caribbean Cruise Line, Inc | Byrd, Deanna (Plaintiff) | Original Summons | Add to Cart |
| 1 | 08/16/2013 | Complaint filed by Byrd, Deanna.\nRefers to: Caribbean Cruise Line, Inc | Byrd, Deanna (Plaintiff) | Complaint | Add to Cart |

[1]

THE INFORMATION IN THIS REGISTER OF ACTIONS IS PROVIDED AS IS, WITHOUT WARRANTY BY THE SAN DIEGO SUPERIOR COURT AS TO CONTENT OR ACCURACY OF THE INFORMATION. The Entry Date on the Register of Actions may not always reflect the actual filing date of a document and not all documents filed with the Court are listed on the Register of Actions. It is recommended that users refer to the case file for confirmation.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Eric M. Overholt, Esq. (SBN: 248762)<br>Law Offices of Hiden, Rott, & Oertle, LLP<br>2635 Camino del Rio South, Suite 306<br>San Diego CA 92108<br><br>TELEPHONE NO.: 619-296-5884   FAX NO.: 619-296-5171<br>ATTORNEY FOR (Name): Plaintiff, Paul Villegas, et. al | FILED<br>CIVIL CASE ? ????<br><br>2013 AUG 15 P 2:4?<br><br>?????? ?????? CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego CA 92101
BRANCH NAME: Central Branch

| CASE NAME: Byrd vs. Caribbean Cruise Line, Inc., a<br>Florida corporation, and DOES 1-10, inclusive. | |
|---|---|
| **CIVIL CASE COVER SHEET**<br>[X] Unlimited   [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | **Complex Case Designation**<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2013-00053076-CU-MC-CTL<br><br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [X] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 1- Violation of Penal Code section 632.7
5. This case [ ] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: August 15, 2013
Eric M. Overholt, Esq. (SBN: 248762)
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>& Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (not asbestos or
  toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (not civil
  harassment) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (not unlawful detainer
      or wrongful eviction)
  Contract/Warranty Breach—Seller
    Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (not provisionally
  complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent
    domain, landlord/tenant, or
    foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (arising from provisionally complex
  case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (non-
    domestic relations)
  Sister State Judgment
  Administrative Agency Award
    (not unpaid taxes)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
  above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-
    harassment)
  Mechanics Lien
  Other Commercial Complaint
    Case (non-tort/non-complex)
  Other Civil Complaint
    (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (not specified
  above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]               **CIVIL CASE COVER SHEET**                    Page 2 of 2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
| --- | --- |
| STREET ADDRESS:        330 W Broadway | |
| MAILING ADDRESS:     330 W Broadway | |
| CITY AND ZIP CODE:    San Diego, CA 92101-3827 | |
| BRANCH NAME:           Central | |
| TELEPHONE NUMBER:  (619) 450-7061 | |

| PLAINTIFF(S) / PETITIONER(S):    Deanna Byrd |
| --- |

| DEFENDANT(S) / RESPONDENT(S):  Caribbean Cruise Line, Inc |
| --- |

| BYRD VS. CARIBBEAN CRUISE LINE, INC | |
| --- | --- |
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE** | CASE NUMBER:<br>37-2013-00063078-CU-MC-CTL |

**CASE ASSIGNMENT**

Judge:  John S. Meyer                                                          Department: C-61

**COMPLAINT/PETITION FILED:** 08/16/2013

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
| --- | --- | --- | --- | --- |
| Civil Case Management Conference | 03/07/2014 | 09:45 am | C-61 | John S. Meyer |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 010313 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

---

SDSC CIV-721 (Rev. 08-12)

**NOTICE OF CASE ASSIGNMENT**

Page: 1



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2013-00063078-CU-MC-CTL   CASE TITLE:

Byrd vs. Caribbean Cruise Line, Inc

NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
   (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
   (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), and
   (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not |
| • Saves money | resolve the dispute |
| • Gives parties more control over the dispute | • Procedures to learn about the other side's case (discovery), |
| resolution process and outcome | jury trial, appeal, and other court protections may be limited |
| • Preserves or improves relationships | or unavailable |

Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

Mediation: A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

Settlement Conference: A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

Arbitration: A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

**On-line mediator search and selection:**  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

**More information about court-connected ADR:**  Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:   330 West Broadway<br>MAILING ADDRESS:   330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME:   Central | *FOR COURT USE ONLY* |

| | |
|---|---|
| PLAINTIFF(S):   Deanna Byrd | |
| DEFENDANT(S): Caribbean Cruise Line, Inc | |
| SHORT TITLE:   BYRD VS. CARIBBEAN CRUISE LINE, INC | |

| | |
|---|---|
| **STIPULATION TO USE ALTERNATIVE**<br>**DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2013-00063078-CU-MC-CTL |

Judge: John S. Meyer             Department: C-61

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)             ☐ Non-binding private arbitration

☐ Mediation (private)             ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)           ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____           Date: _____

_____        _____
Name of Plaintiff              Name of Defendant

_____        _____
Signature              Signature

_____        _____
Name of Plaintiff's Attorney        Name of Defendant's Attorney

_____        _____
Signature              Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 08/16/2013              _____
                               JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)     **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**     Page 1

3

# Exhibit "C"

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN DIEGO

DEANNA BYRD, individually, and on behalf of
all others similarly situated,

      Plaintiff,

vs.                             Case No.: 37-2013-00063078-CU-MC-CTL

CARIBBEAN CRUISE LINE, INC., a Florida
corporation; and DOES 1-10, Inclusive,

      Defendants.

_____

### NOTICE OF FILING NOTICE OF REMOVAL

      Defendant, CARIBBEAN CRUISE LINE, INC. ("CCL") hereby files the attached Notice

of Removal filed in the United States District Court, Southern District of California on October

17, 2013.  Pursuant to 28 U.S.C. § 1446(d), the filing of this notice effects the removal of this

case, and this Court shall proceed no further unless the case is remanded from the District Court.

Dated:  October 17, 2013          Respectfully submitted,

                                             _____
                                           **LAW OFFICES OF DARREN LANDIE**
                                         Darren Landie, Esq.
                                         2600 Walnut Ave., Suite E
                                         Tustin, CA 92780
                                         (714)544-3291
                                         Fax (714)544-2736
                                         darren@landielaw.com

                                       *Attorney for Defendant Caribbean Cruise Line, Inc.*

15313763:1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record via Electronic and U.S. Mail  and electronically filed with the Clerk for the San Diego Superior Court on this 17th day of October, 2013.

> Eric M. Overholt, Esq.
> Law Offices of Hiden, Rott & Oertle, LLP
> 2635 Camino del Rio South, Suite 306
> San Diego, CA 92108
> *Attorney for Plaintiff*

> The Clerk of Superior Court of California, San Diego
> Central Branch
> 330 W Broadway
> San Diego, CA 92101

DARREN LANDIE, ESQ.

15313763:1